IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GAZELLE HAYES, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-01056-E-BT |
| | § | |
| PHH MORTGAGE CORPORATION, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Ocwen Financial Corporation (OFC) moves to dismiss under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). *See* Mot. Dismiss (ECF No. 19). As explained below, Plaintiffs failed to properly serve any defendant named in the operative Amended Complaint. The undersigned therefore recommends that the District Judge **GRANT** OFC's Motion to Dismiss and **DISMISS** Plaintiffs' complaint without prejudice for insufficient service of process. Because Plaintiffs failed to effect valid service, the Court need not address OFC's alternative arguments under Rule 12(b)(6).

***Background***

According to the operative Amended Complaint, Plaintiff Gazelle Hayes owns a home in Grand Prairie, Texas (the "Property"). Am. Compl. at 6, ¶ 16 (ECF No. 14). Plaintiff alleges that "Ocwen" began servicing her mortgage loan in 2012.

*Id.* She further alleges that, after receiving a loan modification, she noticed that her mortgage statements showed an increase in the principal balance of the loan. *Id.*

Plaintiff alleges that Ocwen later made several servicing errors, including misapplying payments, billing incorrect amounts, making unexplained escrow advances, charging improper fees, and placing force-placed insurance on the Property. *Id.* at 7, ¶ 17. Plaintiff further alleges that, although she continued making mortgage payments, Ocwen initiated foreclosure proceedings. *Id.* Plaintiff alleges that Ocwen sold the Property at a foreclosure sale on November 5, 2013, and rescinded that sale approximately eight months later. *Id.* at 7-8, ¶ 18.

Plaintiff alleges that she later received a second loan modification. *Id.* at 8, ¶¶ 19-20. She contends that the second modification increased the principal balance of her loan without explanation. *Id.* at 8, ¶ 20. Plaintiff thereafter disputed the loan balance and challenged subsequent foreclosure efforts. *See id.* at 8-10, ¶¶ 20-25. As part of those efforts, she filed for bankruptcy protection in 2024, which stayed foreclosure proceedings. *Id.* at 10, ¶ 25.

Plaintiff received a bankruptcy discharge in February 2025. *Id.* at 10, ¶ 26. Following the discharge, Ocwen foreclosed on the Property on April 1, 2025. *Id.* Earlier that day, Plaintiffs Gazelle Hayes and Curtis Hayes, Jr., proceeding pro se, filed an Emergency Petition and Application for Temporary Restraining Order and Temporary Injunction in state court seeking to stop the foreclosure sale. *See* Emerg. Pet. & App. Temporary Inj. at 5 (ECF No. 1-3). Plaintiffs' state-court petition asserted eight claims against PHH Mortgage Corporation (PHH), AVT

Title Services, LLC, Power Default Services, Inc., and Mark Bombick. *See* Emerg. Pet. & App. Permanent Inj. at 1 (ECF No. 1-6). Despite Plaintiffs' request for emergency relief, the foreclosure sale proceeded as scheduled. *See* Notice of Removal 1 (ECF No. 1).

PHH subsequently removed the action to this Court. *See id.* PHH then moved to dismiss the claims against it. *See* First Mot. Dismiss (ECF No. 8). On February 11, 2026, the undersigned issued findings, conclusions, and a recommendation concluding that Plaintiffs failed to state a plausible claim for relief against PHH. *See* Findings, Conclusions, and Recommendation (ECF No. 13). The undersigned recommended dismissal of certain claims with prejudice and granted Plaintiffs leave to amend certain claims within 30 days. *See id.*

On March 16, 2026, Gazelle Hayes filed the Amended Complaint, which now serves as the operative pleading. *See* Am. Compl. (ECF No. 14). Although Curtis Hayes, Jr. neither joined in the Amended Complaint nor filed a separate amended pleading, *see* Br. Mot. Dismiss at 5 (ECF No. 20), Gazelle Hayes and Curtis Hayes, Jr. advised the Court during the November 10, 2026 hearing that Curtis Hayes, Jr. intends to proceed as a plaintiff in this action. The Amended Complaint asserts claims against OFC, Ocwen Mortgage Servicing, Inc. (OMS), Ocwen Loan Servicing, LLC (OLS), and PHH under the Fair Debt Collection Practices Act, the Truth in Lending Act, and the Real Estate Settlement Procedures Act. *See* Am. Compl. ¶¶ 1, 27-49 (ECF No. 14).

On March 25, 2026, the District Judge adopted the recommendation, dismissed Plaintiffs' claims against PHH with prejudice, and entered partial final judgment in PHH's favor. *See* Order (ECF No. 15); Partial Judgment (ECF No. 16). The Court also dismissed without prejudice Plaintiffs' claims against AVT Title Services, LLC, Power Default Services, Inc., and Mark Bombick. *See* Order at 2 (ECF No. 15); Partial Judgment (ECF No. 16). In addition, the Court directed Plaintiffs to serve OFC, OMS, and OLS and to file proof of service on or before June 15, 2026. *See* Order at 2 (ECF No. 15).

Plaintiffs filed an Affidavit of Service regarding OFC on June 8, 2026. *See* Aff. (ECF No. 18).

OFC now moves to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), arguing that Plaintiffs failed to effect proper service and failed to state a claim upon which relief may be granted. *See* Mot. Dismiss (ECF No. 19); Br. Mot. Dismiss (ECF No. 20).

The Court held a hearing on the motion on November 10, 2026. Gazelle Hayes and Curtis Hayes, Jr. appeared on their own behalf. OFC appeared through counsel.

## ***Legal Standards***

An objection under Rule 12(b)(5) challenges the plaintiff's method of service or the lack of delivery of the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013) (citations omitted). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the

legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x. 321, 323 (5th Cir. 2012). Pro se litigants are not relieved of 12(b)(5)'s requirements and are expected to comply with the rules of service. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). "When service of process is challenged [under 12(b)(5)], the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam). Ultimately, "[t]he district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Lab., Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986) (per curiam).

## ***Analysis***

OFC argues that Plaintiffs' failure to properly serve the defendants requires dismissal under Rule 12(b)(5). *See* Br. Mot. Dismiss at 24-26 (ECF No. 20). Rule 12(b)(5) gives district courts "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 635 (5th Cir. 1994). When a defendant challenges service of process, the plaintiff bears the burden of proving valid service or showing good cause for failing to timely effect service. *Sys. Signs Supplies*, 903 F.2d at 1013 (citations omitted).

Federal Rule of Civil Procedure 4 requires plaintiffs to properly serve each defendant with a summons and complaint. Rule 4 permits service on a corporation by either: (1) delivering the summons and complaint to an officer, managing or general agent, or another agent authorized to receive service of process; or (2)

following the service requirements of the law of the state where the plaintiff effects service. *See* Fed. R. Civ. P. 4(h)(1)(B), 4(e)(1).

OFC argues that Plaintiffs have failed to establish valid service for two reasons. *See* Br. Mot. Dismiss at 24-26 (ECF No. 20). First, Plaintiffs have not filed proof that they served OMS or OLS. *Id.* at 24. Second, OFC argues that Plaintiffs' Affidavit of Service does not establish valid service on OFC. According to OFC, the affidavit does not identify the individual who accepted service, does not state that the individual had authority to accept service on OFC's behalf, and describes the recipient only as an "Unrelated Third Party (at location)," with the additional notation that the documents were "received by Intake Specialist." *Id.* at 25. OFC further contends that Plaintiffs do not explain whether the Intake Specialist worked for OFC and that the affidavit does not identify the method of service because Plaintiffs left all service-method boxes unchecked. *Id.*

Plaintiffs respond that OFC was served through its registered agent, CSC Global, and was served at the registered agent's address in Delaware. *See* Resp. at 9 (ECF No. 21). Plaintiffs attach to their Response what they refer to as the "Registered Agent Document[,]" which Plaintiffs allege is the document the "security guard in FL provided the process server" to serve the registered agent. *Id.* at 9-10; *see also id.* at Ex. A.

In its Reply, OFC argues the "Affidavit of Service does not identify the person served by name, does not state that the recipient was authorized to accept service

on behalf of the corporation, and does not indicate whether the person receiving service was even employed by OFC[.]" Reply at 9 (ECF No. 22).

As to OMS and OLS, Plaintiffs have not established valid service. Although Plaintiffs filed an Affidavit of Service regarding OFC, they filed no affidavit, return of service, or other evidence showing service on OMS or OLS. *See* Aff. (ECF No. 18). Plaintiffs likewise have not shown that they served either entity through its registered agent. At the November 10, 2026 hearing, Plaintiffs acknowledged that they had not served OMS or OLS. Plaintiffs therefore failed to carry their burden of proving proper service on those defendants.

Plaintiffs likewise have not carried their burden of establishing valid service on OFC. Rule 4 requires Plaintiffs to provide proof showing that the individual who accepted service falls within a category authorized to receive service on behalf of a corporation. *See* Fed. R. Civ. P. 4(h)(1)(B), (e)(1). Plaintiffs' Affidavit of Service does not identify the individual who accepted service, describe that individual's relationship to OFC, or show that the individual possessed authority to accept service on OFC's behalf. *See* Aff. (ECF No. 18). The affidavit identifies the recipient only as an "Unrelated Third Party (at location)" with the notation "received by Intake Specialist." *Id.* The affidavit does not identify an officer, managing agent, general agent, or other authorized agent of OFC. *See* Fed. R. Civ. P. 4(h)(1)(B). Nor does it show that Plaintiffs served OFC through its registered agent.

Plaintiffs attached a "Registered Agent Document" to their Response identifying "CSC Global" as a registered agent at a Delaware address. *See* Resp.,

Ex. A (ECF No. 21). But that document identifies CSC Global as the registered agent for Onnity, not OFC. *See id.* Thus, the document does not establish proper service on OFC.

At the November 10, 2026 hearing, Plaintiffs acknowledged that their attempted service on OFC was ineffective. Plaintiffs therefore failed to carry their burden of proving valid service on OFC.

Thus, the District Judge should GRANT OFC's Motion to Dismiss under Rule 12(b)(5) because Plaintiffs failed to properly serve any defendant named in the operative Amended Complaint.

Because this deficiency requires dismissal, the Court need not address Defendant's alternative arguments under Rule 12(b)(6).[1]

## *Recommendation*

The District Judge should **GRANT** OFC's Motion to Dismiss under Rule 12(b)(5) and **DISMISS** Plaintiffs' amended complaint without prejudice for insufficient service of process.

**SO RECOMMENDED.**

November 10, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

[1] During the November 10, 2026 hearing, the Court advised Plaintiffs that many allegations in the Amended Complaint appear deficient for the reasons identified in OFC's Motion to Dismiss and the Court's prior findings, conclusions, and recommendation. The Court further advised Plaintiffs that, if they choose to pursue these claims in a future action, they should carefully consider those deficiencies and the applicable pleading standards.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner prov*Id*ed by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must *Id*entify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).